**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 6 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re:

TOWER TECH, INC.

      Debtor.

———————————————

ELECTRICAL CONSTRUCTORS, LLP,

      Appellant,

v.

TOWER TECH, INC.,

      Appellee.

No. 02-6305
(D.C. No. CIV-01-1707-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BRISCOE**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Electrical Constructors, LLP (EC) appeals from an order of the district court, which affirmed a ruling of the bankruptcy court sustaining debtor Tower Tech Inc.'s objection to EC's proof of claim.  The bankruptcy court concluded that certain U.S. patents used to secure loans from EC to debtor became the property of debtor's bankruptcy estate at the time of its filing.  The bankruptcy court then concluded that, because EC failed to perfect its security interest in the patents by filing its interest pursuant to the Uniform Commercial Code (UCC), as enacted in Oklahoma, EC's unperfected interest was inferior to debtor's interest as a hypothetical lien creditor.  EC sought review in the district court, which affirmed the bankruptcy court's determinations.  On appeal, EC argues that both courts erred when they concluded that the patents were the property of the bankruptcy estate and that EC failed to properly perfect its security interest in the patents.  We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.

"Our review of the bankruptcy court's decision is governed by the same standards of review that govern the district court's review of the bankruptcy court.  Accordingly, we review the bankruptcy court's legal determinations *de novo* and its factual findings under the clearly erroneous standard."  *Conoco,*

*Inc. v. Styler (In re Peterson Distrib., Inc.),* 82 F.3d 956, 959 (10th Cir. 1996) (citation omitted).

The case was submitted on stipulated facts. In 1996 and 1997, EC loaned debtor $2,000,000.00, evidenced by three promissory notes and secured by an interest in certain U.S. patents. Each of the three promissory notes contained the following language:

> RIGHT OF ASSIGNMENT. At the option of Lender, in the event of default and upon written notice to Maker that an occurrence of default has occurred, the Lender shall receive an immediate assignment of all right, title and interest to the patents specified as collateral. Lender agrees that Maker shall be entitled to a non-exclusive royalty-free license of the subject patents for a period of one year from the maturity date together with any renewals or extensions thereof. During this license period, the Maker is entitled to redeem the assignment and receive all right, title and interest in the subject patents upon payment in full of all principal and interest accrued. In the event of default due to insolvency or bankruptcy, Maker agrees that Lender may during the one-year license period, license said patent technology to third parties under reasonable commercial terms. Upon redemption of assignment by Maker, Maker shall receive credit, less Lender's expenses, for license fees received and Maker shall assume third party agreement as Licensor. Interest shall accrue from the effective date of loan funding until payment in full of the entire principal.
>
> GENERAL AUTHORITY and REMEDY. Maker hereby irrevocably appoints Lender and any partner or agent thereof, with full power of substitution, as its true and lawful attorney-in-fact, in the name of the Maker or its own name, for the sole use and benefit of Lender, but at Maker's expense, at any time after an Event of Default, to take any and all appropriate action and to execute any and all documents and instruments which may be necessary or desirable to carry out the terms of this Right of Assignment and, without limiting the foregoing, Maker hereby gives Lender the power and right on its

behalf, upon notice to Maker to sell, transfer, assign or otherwise deal in or with the subject patents, as fully and effectually as if Lender were the absolute owner thereof. Upon payment in full of this Note, the Right of Assignment and Power of Substitution shall expire.

Aplt. App. at 92, 94-95, 98.

EC recorded its security interest in the patents with the United States Patent and Trademark Office (PTO), but it did not file a UCC-1 financing statement in the State of Oklahoma. Debtor failed to make payments on the obligations, and in August 2000, EC notified debtor that it was in default and that EC was exercising its rights and remedies as provided in the promissory notes. As noted by the bankruptcy court, however, the record contains no separate documents executed by the parties evidencing an assignment of collateral. In December 2000, debtor filed its petition for Chapter 11 bankruptcy. In April 2001, EC filed a proof of claim covering the amount of the principal plus interest, fees, and other charges set forth in the notes.

The bankruptcy court interpreted the language contained in the promissory notes and correctly ruled that a plain reading of that language gave EC an entitlement to an immediate assignment of all right, title, and interest to the patents, with the right and power to execute and record an assignment of the patents as attorney-in-fact on behalf of debtor after notice of default. As the bankruptcy court observed, "the terms of the Notes clearly provide that some

further act would be required to complete the assignment of the Patents." Aplt. App. at 78. Because EC did nothing other than give notice of default, the bankruptcy court did not err by concluding that no actual assignment of the patents occurred, and that, therefore, the patents remained in the bankruptcy estate. Moreover, relying primarily on the Ninth Circuit's opinion in *Moldo v. Matsco, Inc. (In re Cybernetic Servs., Inc.),* 252 F.3d 1039 (9th Cir. 2001), *cert. denied*, 534 U.S. 1130 (2002), the bankruptcy court also correctly ruled that the perfection of a security interest in a patent in Oklahoma is governed by the relevant provisions of the Uniform Commercial Code as enacted by that state and is not preempted by the relevant recording provisions of the Patent Act. *See id.* at 1056-58. Therefore, because EC filed its security interest only in the PTO and failed to properly perfect its interest pursuant to the filing requirements of the UCC, we agree with the district court that the bankruptcy court did not err when it concluded that debtor's status as a hypothetical lien creditor remained superior to EC's unperfected interest in the patents.

Accordingly, for the reasons stated in the bankruptcy court's order sustaining debtor's objection to EC's proof of claim, dated September 13, 2001,

and the district court's order dated August 27, 2002, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge